J-S01011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MELVIN SPEARMAN | : | |
| | : | |
| Appellant | : | No. 700 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 26, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008773-2017,
CP-51-CR-0008781-2017, CP-51-CR-0008782-2017,
CP-51-CR-0008802-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MELVIN SPEARMAN | : | |
| | : | |
| Appellant | : | No. 701 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 26, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008773-2017,
CP-51-CR-0008781-2017, CP-51-CR-0008782-2017,
CP-51-CR-0008802-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MELVIN SPEARMAN | : | |
| | : | |
| Appellant | : | No. 702 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 26, 2018

In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008773-2017,
CP-51-CR-0008781-2017, CP-51-CR-0008782-2017,
CP-51-CR-0008802-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELVIN SPEARMAN | : | |
| | : | |
| Appellant | : | No. 703 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 26, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008773-2017,
CP-51-CR-0008781-2017, CP-51-CR-0008782-2017,
CP-51-CR-0008802-2017

BEFORE: BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 05, 2020**

Melvin Spearman appeals *nunc pro tunc* from the imposition of a judgment of sentence of five years of probation, after a judge convicted him of multiple counts of terroristic threats, stalking, harassment, and contempt for violating a protection from abuse order, at four docket numbers. We quash these appeals as premature.

Given our disposition, a full recitation of the underlying facts of this case is unnecessary. Suffice it to say that Appellant harassed his son's mother on four separate occasions and during each incident threatened harm to her and

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

her family. Appellant was charged at separate docket numbers for each incident, but the cases were consolidated for trial. At the conclusion of the March 26, 2018 non-jury trial, Appellant was convicted of the aforementioned crimes. After conviction, Appellant waived his right to a pre-sentence investigation and was immediately sentenced as detailed above. On February 8, 2019, Appellant's direct appeal rights were reinstated *nunc pro tunc* pursuant to Post-Conviction Relief Act ("PCRA"). On February 28, 2019, Appellant filed in each case a notice of appeal listing all four trial court docket numbers.

This Court issued a rule to show cause why the appeal should not be quashed pursuant to ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (holding that an appeal must be quashed if an appellant fails to file separate notices of appeal at each docket number implicated by an order resolving issues that involve more than one trial court docket). ***See also Commonwealth v. Creese***, 216 A.3d 1142, 1144 (Pa.Super. 2019) (concluding that ***Walker*** mandates that "a notice of appeal may contain only one docket number"). Upon receiving a response from counsel, in which counsel claimed that he filed four separate notices of appeal each of which contained all four docket numbers, this Court discharged the rule and referred the issue to this merits panel.[1]

---

[1] The Commonwealth declined to address the ***Walker*** issue in its brief.

Our review of the record leads us to conclude that this appeal should be quashed, not because of a violation of **Walker**, but due to the absence of a final appealable order.  Hence, any appeal is premature.  With the exception of an appeal from a judgment of sentence announced in open court, "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court."  Pa.R.A.P. 301(a)(1).  However, when a direct appeal from a judgment of sentence follows a PCRA court's reinstatement of a defendant's direct appeal rights, the defendant is required to file his *nunc pro tunc* direct appeal "within 30 days of the entry of the order reinstating his direct appeal rights."[2]  **Commonwealth v. Wright**, 846 A.2d 730, 735 (Pa. Super. 2004).  An order is properly entered upon the docket by indication thereon of "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice."  Pa.R.Crim.P. 114(C)(2).

The PCRA court's February 8, 2019 orders in the instant cases have not been properly entered on their respective dockets.  The entry for the order fails to indicate the date when such service was made in accordance with the mandates of Pa.R.Crim.P. 114(C)(2).

_____

[2] Additionally, the PCRA court must inform the defendant that the *nunc pro tunc* direct appeal must be filed within thirty days of the entry of the PCRA order reinstating his rights.  **Commonwealth v. Wright**, 846 A.2d 730, 735 (Pa.Super. 2004).  This Court will not quash an appeal as untimely if the PCRA court failed to provide that information.  **See id**. at 735-36.  The written order at issue in this appeal did include the thirty day time requirement.

Accordingly, we quash this appeal as premature. After the clerk of court notes service of the orders reinstating appellate rights *nunc pro tunc* on the different dockets as required by Rule 114(C), Appellant will have thirty days from the date of service to timely file separate notices of appeal at each docket implicated by the orders.

Appeals quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/5/20